### 33176. MARYLAND CASUALTY COMPANY *et al.* v. MITCHELL.

DECIDED OCTOBER 6, 1950.

*T. Elton Drake, John M. Williams,* for plaintiffs in error. *Pickett & Pickett,* contra.

FELTON, J. The employer and insurance carrier contend that an employee is not entitled to the payment of compensation for a permanent partial injury and temporary total disability for a second injury at the same time, and rely on Code §§ 114-409 and 114-410. Code § 114-409 is as follows: "Two injuries.— If an employee receives an injury for which compensation is payable, while he is still receiving or entitled to compensation for a previous injury in the same employment, he shall not at the same time be entitled to compensation for both injuries, unless the later injury is a permanent injury, such as specified in section 114-406; but he shall be entitled to compensation for that injury and from the time of that injury which will cover the longest period and the largest amount payable under this Title." Section 114-410 is as follows: "Two permanent injuries.—If an employee receives a permanent injury as specified in section 114-406, after having sustained another permanent injury in the same employment, he shall be entitled to compensation for both injuries, but the total compensation shall be paid by extending the period and not by increasing the amount of weekly compensation, and in no case exceeding 350 weeks. When the previous and subsequent permanent injuries received in the same employment result in total disability, compensation shall be payable for permanent total disability, but payments made for

the previous injury shall be deducted from the total payment of compensation due." We are of the opinion that this contention of the employer and carrier is not well-founded for at least two reasons. The first is that there would be no possibility of a double award for temporary total disability. The second is that, in every case of an award for permanent partial disability, an award for temporary total disability would be precluded entirely. We do not think that the legislature intended to preclude, an award for temporary total disability in every case of second injury while the employee is entitled to compensation for permanent partial disability. We think that the two Code sections quoted refer to awards of compensation for periods subsequent to the period for which temporary total disability can be awarded. So we conclude that there is no provision of law which sustains the contention here made. The question as to whether the amount of weekly compensation for permanent partial disability should have been deducted from the amount of temporary total allowable under the law is not for decision, as there is no exception to the award which made such deduction.

The court did not err in affirming the award.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*